UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA                   DOCKET NO. 05-30038

vs.

DAVID RUIZ,
        DEFENDANT

**MOTION FOR DEPARTURE DOWNWARD FROM SENTENCING GUIDELINES 18 U.S.C.A. USSG, §5k2.12, DURESS AND COERCION**

Now comes the Defendant in the above captioned matter and respectfully moves this Honorable Court, pursuant to 18 U.S.C.A. USSG, §5K2(a)(1)(A), to grant him a hearing on the issue of whether or not he is entitled to a departure downward, under the Sentencing Guidelines, for reason that Defendant alleges that said offense was committed while under duress and coercion, as defined by 18 U.S.C.A. USSG, §5K2.12. See United States v. Sachdev, 279 F.3d 25 (1st. Cir. 2002).

Affidavits in support of this motion are attached and incorporated herein by reference.

DATED: 20 MARCH, 2006                   THE DEFENDANT,

                                                            BY_____
                                                            Dale E. Bass, Attorney
                                                            BBO #545902
                                                            14 Hubbard Avenue
                                                            Springfield, MA  01105
                                                            (413) 732-7900

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA             DOCKET NO. 05-30038

vs.

DAVID RUIZ,

## AFFIDAVIT OF COUNSEL

I, DALE E. BASS, an attorney at law admitted to practice in the U.S. District Court, Western District of Massachusetts, do hereby affirm the following to be true, upon information and belief:

1. I am the attorney of record for the defendant in the above captioned matter in the U.S. District Court, Western District of Massachusetts.

2. The defendant previously entered a plea of guilty in this matter, and is awaiting sentencing. The Defendant alleges Duress and Coercion, pursuant to the provisions of 18 U.S.C.A. USSG, §5K2.12, for purposes of requesting a downward departure from the Sentencing Guidelines in this matter.

3. Counsel has been provided a copy of the Presentence Report, prepared in this case by U.S. District Court Probation. The Defendant's allegations are referenced in paragraph (76) of said report. Injuries sustained are referenced in paragraph (79) of said report.

DATED: 20 MARCH, 2006                    THE DEFENDANT,

                                         BY _____
                                         Dale E. Bass, Attorney
                                         BBO #545902
                                         14 Hubbard Avenue
                                         Springfield, MA 01105
                                         (413) 732-7900

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA                                  DOCKET NO. 05-30038

vs.

DAVID RUIZ,
          DEFENDANT

**AFFIDAVIT**

1. I am the Defendant in the above captioned matter. I have reviewed the discovery in this case with my attorney, and I am aware that the Government's cooperating witness is Julian Rios. Julian Rios is a blood relative of mine, He is the son of Luis Rios, who was my mother, Gladys Ruiz's brother. Julian Rios is my first cousin and I have known him all of my life.

2. I joined the Latin Kings in the winter of 1996. At that time, Julian Rios was a senior member of the local chapter, and he sponsored my entry into the Latin Kings. Because he sponsored my entry to the gang, he would also be responsible for my termination, if and when I or the gang decided to end my involvement with the Kings. As a condition of my entry, Julian Rios ordered me to assault another inmate, while I was being held at the Hampden County House of Correction. At that time both Julian Rios and myself were being held at the Hampden County House of Correction. Additionally, I was subjected to a beating, which was ordered by Julian Rios (a/k/a King Tuna) and Alexander Rivera (a/k/a C-Rock). I was them formally admitted as a member of the Latin Kings.

3. In September, 2004, Julian Rios approached me and ordered me to assist him in a "mission" in Northampton. This would have required that I participate in a drive by shooting. I refused to involve myself in that matter. Julian Rios was upset that I would

not follow orders, and stated that I "was not down with the kings". It is a this point in time that I began to consider leaving the Latin Kings. Julian Rios wanted me terminated for disobeying his order regarding the "mission".

4. In October, 2004, a meeting of the local Latin Kings chapter was held, with Julian Rios presiding as the senior King present. At this meeting, I formally requested that I be terminated from the Latin Kings. Julian Rios agreed with my request to terminate my involvement with the Kings, and told those present that I had refused to follow an order to go on a "mission". As a result of my request to terminate, I was subjected to a beating for approximately three to five minutes. During this "beatdown", I was struck on the head with an empty 40 oz. beer bottle. Additionally, I was also stabbed five times, once for each point on the Latin King crown. Prior to the beating, I was offered one last opportunity to go on a mission involving another Latin King member, once again I refused to participate.

5. Termination from the Latin Kings ordinarily involves the death of the individual. In my case, it was decided that the "beatdown" and stabbing was sufficient. At this point I formally requested that I be allowed to go to Florida with my family to begin a new life. This would have involved the granting of "Golden Gates". This would be an order of termination from the Latin Kings and safe conduct for me and my family, out of Massachusetts. Julian Rios told me he would grant the 'Golden Gates", if I agreed to introduce him to a narcotics supplier, so he could reestablish his source of supply and get back in business. I was told that my termination from the Latin Kings would not be final until this matter was straightened out.

6. Julian Rios started pressuring me to make an introduction to a source of narcotics. In October, 2004, Julian Rios reminded me yet again that my termination from the Latin Kings was not complete, and could not be finalized until this introduction was made.

I understood this to mean that I would not be granted the "Golden Gates", which would have allowed me to safely move from Massachusetts, with my family.

7. In November, 2004, introductions were made, Julian Rios and Julio Marin spoke to one another regarding the purchase of narcotics. Julian Rios wanted the purchase to be made through me, as he didn't trust Julio Marin. Again, Julian Rios reminded me that my termination from the kings was not yet complete, and that the "Golden Gates" would be granted once the deal was completed. On 9 November, 2004, I obtained the requested amount of drugs for Julian Rios. I was later told by Julian Rios that I had been formally terminated from the Kings, that "Golden Gates" had been granted, and that I was now free to move to Florida with my family.

8. In December, 2004, I began to make preparations to move to Florida with my family. In February, 2005, I moved to Florida with my family. In May, 2005, after completing technical training, I obtained employment with Fiber Optic Solutions Networking, Ft. Meyers, Florida. I was arrested at my place of employment on a warrant. Until my arrest in Florida on this matter, I thought I had turned my life around and my involvement with the Latin Kings was over.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

DATED:   16 March, 2006                THE DEFENDANT,

*David Ruiz*
David Ruiz

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA                    DOCKET NO. 05-30038

vs.

DAVID RUIZ,

## CERTIFICATE OF SERVICE

I, Dale E. Bass, hereby certify that I served a copy of the attached motion and affidavit(s) on the U.S. Attorney's Office, Federal Court House, 1550 Main Street, Springfield, Massachusetts, 01103, by HAND DELIVERING a copy of same this date.

DATED: 20 MARCH, 2006                    THE DEFENDANT,

                                                      BY_____
                                                      Dale E. Bass, Attorney
                                                      BBO #545902
                                                      14 Hubbard Avenue
                                                      Springfield, MA  01105
                                                      (413) 732-7900